UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

GABRIEL ECKARD,

                Plaintiff,

v.

BRIAN WILMOTH,

                Defendant.

Case No. C19-0377-BJR-MAT

REPORT AND RECOMMENDATION

INTRODUCTION AND SUMMARY CONCLUSION

This is a civil rights action brought under 42 U.S.C. § 1983. Plaintiff Gabriel Eckard is currently confined at the Snohomish County Jail. He alleges in this action that he suffered a violation of his federal constitutional rights while he was confined at the Monroe Correctional Complex (MCC) - Special Offender Unit (SOU) in May 2018. (*See* Dkt. 5.) Plaintiff identifies a single defendant in this action, MCC Correctional Officer Brian Wilmoth. Plaintiff seeks declaratory relief and damages. Defendant Wilmoth now moves for summary judgment. (Dkt. 11.) Plaintiff has filed a response in opposition to defendant's summary judgment motion and

REPORT AND RECOMMENDATION
PAGE - 1

defendant has filed a reply brief in support of his motion.[1] (Dkts. 13, 14.) The Court, having reviewed plaintiff's complaint, defendant's motion and plaintiff's response thereto, concludes that defendant's motion for summary judgment should be granted, and that plaintiff's complaint and this action should be dismissed with prejudice.

## DISCUSSION

Plaintiff alleges in his complaint that on May 10, 2018, Officer Wilmoth violated his rights under the Eighth Amendment when he directed a member of his team to spray oleoresin capsicum vapor; *i.e.*, pepper spray, into plaintiff's cell after plaintiff refused multiple directives to submit to a strip search. (*See* Dkt. 5 at 4.) Plaintiff further alleges that Officer Wilmoth violated his rights under the Fourth Amendment when he ordered plaintiff to submit to a strip search without having a reasonable suspicion that plaintiff was in possession of contraband. (*Id*.)

The claims asserted in this action are almost identical to those asserted in a prior action filed by plaintiff in August 2018 while he was confined at MCC-SOU. *See Eckard v. Wilmoth*, C18-1259-RAJ, Dkts. 1, 6. Plaintiff's prior action was dismissed in February 2019 based on his failure to exhaust administrative remedies. *See id*., Dkts. 17, 19. Less than a month later, in March 2019, plaintiff filed his complaint in this action. (*See* Dkt. 1.) Plaintiff acknowledged in his complaint that he had not exhausted his administrative remedies, but asserted he was no longer required to do so because he had been released from prison in September 2018. (*See* Dkt. 5 at 4.)

This Court ordered that plaintiff's complaint be served on defendant, and defendant now moves for summary judgment. (Dkts 6, 11.) Defendant argues in his motion that the present case

---

[1] Plaintiff has also filed a supplemental response to defendant's summary judgment motion and a declaration in support of his supplemental response. (Dkts. 15, 16.) These submissions are not contemplated by the rules governing motion practice in this Court, *see* LCR 7, and are therefore STRICKEN from the record.

REPORT AND RECOMMENDATION
PAGE - 2

is barred by res judicata and/or collateral estoppel because the parties, facts and legal issues are identical to those raised in plaintiff's previous case which was dismissed for failure to exhaust administrative remedies. (Dkt. 11 at 4-5.)  Defendant further argues that the instant action should be dismissed because plaintiff failed to fully and timely exhaust his administrative remedies with respect to the claims set forth in his complaint. (*See id*. at 6-9.)  Finally, defendant asks that the Court enter a specific finding that plaintiff's claims are frivolous, malicious, and fail to state a claim upon which relief may be granted.  (*Id*. at 9-10.)  The Court deems it unnecessary to address defendant's res judicata/collateral estoppel argument as defendant's exhaustion argument presents a sufficient basis for dismissal of this action.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Section 1997e(a) requires *complete* exhaustion through any available process.  *See Porter v. Nussle* 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Section 1997e(a) also requires *proper* exhaustion.  *Woodford v. Ngo*, 548 U.S. 81, 93 (2006).  "Proper" exhaustion means full compliance by a prisoner with all procedural requirements of an institution's grievance process.  *See id*. at 93-95.  If administrative remedies have not been exhausted at the time an action is brought, the action must be dismissed without prejudice.  *See McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curiam).

Failure to exhaust administrative remedies is an affirmative defense which a defendant must plead and prove.  *Albino v. Baca*, 747 F.3d 1162, 1168 (9th Cir. 2014) (citing *Jones v. Bock*, 549 U.S. 199, 216 (2007)).  A defendant must produce evidence demonstrating that there was an available administrative remedy and that the prisoner did not exhaust that remedy.  *Id*. at 1172.

REPORT AND RECOMMENDATION
PAGE - 3

The burden then shifts to the prisoner who must show that there is something in his case that made the existing remedies effectively unavailable to him. *Id*. If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment. *Id*. at 1166.

It is undisputed that the Washington Department of Corrections ("DOC") has an Offender Grievance Program ("OGP") through which offenders may seek review of various aspects of their incarceration. (*See* Dkt. 11 at 44, ¶ 4.) It is also undisputed that plaintiff did not fully exhaust his remedies under the OGP relative to his claims against Officer Wilmoth. (*See* Dkt. 5 at 4.) The question presented here is whether, under the circumstances of this case, plaintiff was required to exhaust his administrative remedies. Plaintiff argues in his response to defendant's summary judgment motion that because he is no longer housed in a DOC facility, he no longer has access to the OGP and, thus, he has no administrative remedies available to him to challenge Officer Wilmoth's alleged misconduct. (*See* Dkt. 13 at 1-2.)

The Supreme Court, in *Ngo*, declined to construe the phrase "such administrative remedies as are available" in § 1997e(a) as requiring "a focus on whether any administrative remedies are presently available." *Ngo*, 548 U.S. at 100. Rather, the Supreme Court ruled that "saying that a party may not sue in federal court until the party first pursues all available avenues of administrative review necessarily means that, if the party never pursues all available avenues of administrative review, the person will never be able to sue in federal court." *See id*. at 100. There can be no question that plaintiff, in filing the instant action, is attempting to circumvent the exhaustion requirement which resulted in the dismissal of his prior action. *See Eckard v. Wilmoth*, C18-1259-RAJ, Dkt. 18. The Supreme Court made clear in *Ngo* that such attempts to bypass administrative review are not permissible. *See Ngo*, 548 U.S. at 95-6. As the record before this

REPORT AND RECOMMENDATION
PAGE - 4

Court demonstrates that plaintiff failed to properly and completely exhaust his administrative remedies through the OGP when he had the opportunity to do so, defendant's motion for summary judgment should be granted.

Defendant also requests in his motion for summary judgment that the Court enter a specific finding that plaintiff's claims are frivolous, malicious, and fail to state a claim upon which relief may be granted. Because the Court is recommending dismissal of this action on procedural grounds, the Court declines to make such findings.[2]

## CONCLUSION

Based on the foregoing, this Court recommends that defendant's motion for summary judgment be granted and that plaintiff's complaint and this action be dismissed with prejudice. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect the right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **October 4, 2019**.

///

///

---

[2] The Court notes that even in the absence of such a finding in this case, plaintiff has accumulated a sufficient number of "strikes" under 28 U.S.C. § 1915(g) to curb his future litigation activities. *See Eckard v, Pease, et al*. (Case No. 4:16-cv-5114-EFS, E.D. Wash.); *Eckard v. Rizk, et al*. (Case No. 2:19-cv-813-RSM, W.D. Wash.); *Eckard v. Nikolina, et al*. (Case No. 2:19-cv-881-RSM, W.D. Wash.).

REPORT AND RECOMMENDATION
PAGE - 5

DATED this 5th day of September, 2019.

Mary Alice Theiler
United States Magistrate Judge